Robert M. Scholnick, CSB No. 64568
E-mail:   RScholnick@sti.net
17422 Chatsworth St.
Granada Hills, Ca. 91344-5717
Telephone: (818) 368-9002
Facsimile: (818) 368-0543

Attorneys for Plaintiff

FILED
10 AUG 11  AM 11:28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOREB, INC. dba GUN WORLD,                )   Case No. CV10 5978 GAF (MANx)
                                          )
                         Plaintiff,       )   **PETITION FOR JUDICIAL REVIEW**
                                          )
vs.                                       )
                                          )
EARL T. KLECKLEY, Director of Industry    )
Operations, Bureau of Alcohol, Tobacco,   )
Firearms and Explosives,                  )
                                          )
                         Defendant.       )

1) This is a petition for *de novo* judicial review of the revocation of a license as a dealer in firearms other than destructive devices. This action is brought pursuant to 18 U.S.C. § 923(f)(3).

## JURISDICTION AND VENUE

2) This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States.

3) Venue is proper in the Central District of California as Petitioner's place of business is in Burbank, California.

PETITION FOR JUDICIAL REVIEW - 1

## PARTIES

4) Joreb, Inc. (hereinafter "Joreb") is a retailer who, among other items, sells firearms.

5) Earl T. Kleckley (hereinafter "Kleckley") is the Director of Industry Operations, Los Angeles Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF").

## FACTS

6) A Notice of Revocation, dated October 8, 2009 was sent to Joreb notifying it that its federal firearms license as a dealer in firearms other than destructive devices was revoked.

7) Joreb timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2).

8) A hearing was held on February 25, 2010.

9) On or about July 1, 2010, Joreb received a Final Notice of Denial of Application or Revocation of Firearms License (hereinafter "Final Notice") from Kleckley.

## COUNT 1

10) Paragraphs 1-9 are incorporated herein by reference.

11) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.121 and §478.125(e) in that, on 47 occasions, Joreb "failed to timely record the acquisition of 47 firearms into the A & D book ... ."

12) 18 U.S.C. § 922(m) provides in pertinent part:

> It shall be unlawful for any ... licensed dealer ... knowingly ...
> to fail to make appropriate entry in, or to fail to properly maintain,
> any record which he is required to keep pursuant to section 923 of
> this chapter or regulations promulgated thereunder.

//
//

PETITION FOR JUDICIAL REVIEW - 2

13) 18 U.S.C. § 923(g)(1)(a) provides in pertinent part:

> Each ... licensed dealer shall maintain such records of importation, production, shipment, receipt, sale or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe.

14) 27 C.F.R. § 478.125(e) provides in pertinent part:

> Each ... licensed dealer shall enter into a record each receipt and disposition of firearms ... as the regulations contained in this part prescribe.

15) 27 C.F.R. § 478.125(e)(4) only requires the dealer to "show the date of receipt, the name and address or the name and license number of the person from whom received, the name of the manufacturer and importer (if any), the model, serial number, type and the caliber or gauge of the firearm."

16) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. §478.125(e) in that not entering this information in the A & D book was an inadvertent, technical record-keeping error which was not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT II

17) Paragraphs 1-9 and 12 and 13 are incorporated herein by reference.

18) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and 923 (g)(1)(a) and 27 C.F.R. § 478.125(e) in that "licensee failed to timely record the disposition of 924 firearms in the A & D book . . .." 27 C.F.R. § 478.125(e) only requires that the dealer "record the date of sale or other disposition of the firearm, the name and address to whom the firearm is transferred."

19) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27

PETITION FOR JUDICIAL REVIEW - 3

C.F.R. § 478.125(e) in that the failure to enter the disposition in the A & D book was inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

### COUNT III

20) Paragraphs 1-9 and 12 and 13 are incorporated herein by reference.

21) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C.§ 922(m) and § 923(g)(1)(a) and 27 C.F.R.478.125(e) in that "the licensee recorded the identical firearms twice in the A & D records... ."

22) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.125(e) in that the duplicate entry of the same firearm in the A & D book was inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

### COUNT IV

23) Paragraphs 1-9 and 12 and 13 are incorporated herein by reference.

24) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.124(e) in that "on 3000 occasions the Licensee recorded incomplete acquisition information... ."

25) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.124(e) in that the failures to record FFL numbers or complete addresses were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law and the

PETITION FOR JUDICIAL REVIEW - 4

administrative hearing officer found the violation not to be willful.

## COUNT V

26) Paragraphs 1-9 and 12 and 13 are incorporated herein by reference.

27) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(1) "in that on 'approximately' nine occasions, the licensee failed to have the purchaser accurately and completely record answers to questions in Section A ATF Form 4473 ... ."

28) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and 27 C.F.R. § 478.124(c)(1) in that the failure to acquire the required information in Section A of ATF Form 4473 were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law. The administrative hearing officer found this violation not to be willful.

## COUNT VI

29) Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

30) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(1) in that "on nine occasions the Licensee failed to have the purchaser complete the information regarding the purchaser's place of birth accurately."

31) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(1) in that the failures to obtain accurate information on ATF Form 4473 were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the

intent to do something the law forbids or with the bad purpose to disobey or to disregard the law and the administrative hearing officer found the violation not to be willful.

### COUNT VII

32) Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

33) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and 27 C.F.R. § 478.21 and 27 C.F.R. § 478.124(c)(1) in that "on 20 occasions the Licensee failed to accurately and completely record the purchaser's state of residence... ."

34) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and 27 C.F.R. § 478.124(c)(1) in that the failures to record the state of residence or country of citizenship were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law and the administrative hearing officer found the violations not to be willful.

### COUNT VII

35) Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

36) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(1) in that "on two occasions the Licensee failed to accurately and completely sign or date the original certification that the purchaser is not prohibited from receiving the firearm... ."

37) Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(1) in that the failure to complete the certification on ATF Form 4473 was an inadvertent, technical record-keeping error which was not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law and the

administrative hearing officer found the violation not to be willful.

## COUNT IX

38) Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

39) In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. § 478.21 and 27 C.F.R. § 478.124(c)(3) in that "on one occasion the Licensee failed to accurately and completely record the type and number of identifications provided by the purchaser... ."

40. Joreb did not willfully violate 18 U.S.C. § 922(m) and 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(3) in that the failure to accurately and completely record type of identifications were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law and the administrative hearing officer found the violation not to be willful.

## COUNT X

41. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

42. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(3) in that "on 13 occasions the Licensee failed to enter additional residency information required of an alien... ."

43. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(3) in that the failure to enter additional residency information required of an alien was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

## COUNT XI

44. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

45. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.102(b) and § 478.124(c)(3) in that "on Nine occasions the Licensee failed to record or failed to accurately record NCIS information... ."

46. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.102(b) and § 478.124(c)(3) in that the failure to accurately record NCIS information does not apply to California and was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

## COUNT XII

47. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

48. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.102(b) and § 478.124(c)(3) in that "on five occasions the Licensee incorrectly recorded the date the NCIS was contacted on ATF Form 4473... ."

49. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.102(b) and § 478.124(c)(3) in that the failure to record the date the NCIS was contacted is not required in California and was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

## COUNT XIII

50. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

51. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(1) in that "on five occasions the Licensee failed to have the purchase re-certify the ATF Form 4473... ."

52. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(1) in that the failure to have the purchaser re-certify was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

## COUNT XIV

53. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

54. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(4) in that "on two occasions the Licensee failed to accurately and completely record the information required to identify the firearms... ."

55. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(4) in that the failure to accurately and completely record the information required to identify the firearms was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

PETITION FOR JUDICIAL REVIEW - 9

## COUNT XV

56. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

57. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(a) and 27 C.F.R. § 478.21 and § 478.124(c)(5) in that "on five occasions the Licensee failed to enter the transferor's name and federal firearms number on ATF Form 4473... ."

58. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(5) in that the failure to enter the transferor's name and federal firearms number was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

## COUNT XVI

59. Paragraphs 1-9, 12 and 13 are incorporated herein by reference.

60. In the Final Notice, Kleckley found that Joreb willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(5) in that "on two occasions the Licensee failed to either sign, enter title or complete date of transfer... ."

61. Joreb did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.21 and § 478.124(c)(5) in that the failure to sigh, enter title or complete date of transfer was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law, and the administrative hearing officer found the violation not to be willful.

//

**WHEREFORE, Joreb prays that this court:**

1) Decide that Kleckley erred and was not authorized to revoke Joreb's license;

2) Order Kleckley to withdraw the revocation; and

3) Award such other relief, including costs and attorney's fees (pursuant to 18 U.S.C. § 924(d)(2)(B) and 28 U.S.C. § 2412), as appropriate.

DATED: August 4, 2010

GRIMM & SCHOLNICK

by: _____
ROBERT M. SCHOLNICK
Attorneys for Petitioner

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 5978 GAF (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
ROBERT M. SCHOLNICK, CSB No. 64568
GRIMM & SCHOLNICK
17422 Chatsworth St.,
Granada Hills, Ca. 91344-5717
818/368-9002; Facsimile: 818/368-0543

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOREB, INC. dba GUN WORLD<br><br>PLAINTIFF(S)<br>v.<br>EARL T. KLECKLEY, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10 5978 GAF (MANx)**<br><br>SUMMONS |

TO: DEFENDANT(S): EARL T. KLECKLEY, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Robert M. Scholnick_____, whose address is 17422 Chatsworth St., Granada Hills, Ca. 91344-5717_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: AUG 1 1 2010

By: CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)                                         SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOREB, INC. dba GUN WORLD - Petitioner | EARL T. KLECKLEY, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives - Respondent |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ROBERT M. SCHOLNICK, CSB No. 64568<br>17422 Chatsworth St., Granada Hills Ca. 91344-5717<br>818/368-9002  Facsimile: 818/368-0543  Email: RScholnick@sti.net | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☑ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 5978**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                            CIVIL COVER SHEET                                            Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 8/4/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |