LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5978 GAF (MANx) | Date | August 13, 2010 |
|---|---|---|---|
| Title | Joreb, Inc. v. Earl T. Kleckley | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      (In Chambers)

## ORDER RE: PRELIMINARY INJUNCTION PROCEEDINGS

   Petitioner Joreb, Inc. ("Joreb") has claimed that on or about July 1, 2010, respondent Earl T. Kleckley, the "Director of Industry Operations, Los Angeles Field Division, Bureau of Alcohol, Tobacco, Firearms, and Explosives," revoked Joreb's "license as a dealer in firearms." (Petition, Docket No. 1, ¶¶ 1, 5, 9.)

   Joreb now seeks judicial review of the revocation pursuant to 18 U.S.C. § 923(f)(3). ("If...the Attorney General decides not to reverse his decision to...revoke a license....[t]he aggrieved party may....file a petition with the United States district court for the district in which he...has his principal place of business for a de novo judicial review of such...revocation.") Joreb has also filed a request for a preliminary injunction prohibiting the government from "enforcing its prior administrative revocation...and permitting [Joreb] to continue its business under the original terms of its firearms license during pendency of this suit." (Docket No. 3, at 1.)

   Joreb argues that it is entitled to preliminary injunctive relief because the "propriety of [Kleckley's] actions is doubtful on their face and [Joreb's] likelihood of success is correspondingly high." (Mem. at 9.) But Joreb has not submitted the complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5978 GAF (MANx) | Date | August 13, 2010 |
|---|---|---|---|
| Title | Joreb, Inc. v. Earl T. Kleckley | | |

administrative record of the underlying proceedings for the Court's review.[1]

In addition, the record does not reflect that the government has been served with either: (1) the petition for judicial review; or (2) the request for a preliminary injunction. Rule 65(a)(1) of the Federal Rules of Civil Procedure clearly indicates that the "court may issue a preliminary injunction <u>only</u> on notice to the adverse party." FED. R. CIV. P. 65(a)(1) (emphasis added).

Accordingly, Joreb's request for a preliminary injunction is **DENIED** without prejudice. If Joreb continues to seek a preliminary injunction, it shall proceed according to this Court's standard, noticed motion procedure[2] and the Federal Rules of Civil Procedure. <u>See</u> C.D. Cal. R. 6-1.

**IT IS SO ORDERED.**

---

[1] <u>Perri v. Dep't of Treasury</u>, 637 F.2d 1332 (9th Cir. 1981), teaches that the district court's judicial review under section 923(f)(3) may include both the "administrative record" considered below and "additional evidence," subject to the court's discretion. 637 F.2d at 1335 (citing <u>Stein's, Inc. v. Blumenthal</u>, 649 F.2d 463, 466 (7th Cir. 1980)); <u>Cucchiara v. Secretary of Treasury</u>, 652 F.2d 28, 30 n.1 (9th Cir. 1981) (district court may "enter judgment on the basis of the administrative record when no substantial reason to receive additional evidence is present").

[2] Local Rule 6-1 provides that no "oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice. If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice." C.D. Cal. R. 6-1.